# United States District Court
# Eastern District of California

| | |
|---|---|
| MAURICE DAVIS, | CV 07-2448 TJH |
|       Petitioner, | |
|   v. | Order |
| M. KRAMER, *et al.*, | |
|       Respondents. | |

      Davis filed this petition for federal *habeas corpus* relief, claiming the state court violated his Fourteenth Amendment due process rights, by upholding the Board of Parole Hearings's ("the Board") September 19, 2006, decision finding him unsuitable for parole. Davis contended that there was no evidence in the record to support the Board's decision.

      This Court has no authority to grant *habeas* relief unless the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1). A due process claim requires that first, there is a constitutionally protected liberty interest and, second, a lack of constitutionally sufficient procedure. *Sass v. California Board of Prisons Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006). Davis did have a liberty interest in parole, however Davis did receive sufficient due process.

In *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d. 356, 365 (1985), the Court held that a parole board's decision deprives a prisoner of due process if the decision is not supported by "some evidence in the record," or is "otherwise arbitrary". *Hill*, 472 U.S. at 454, 105 S. Ct. at 2774, 86 L. Ed. 2d. at 365. To determine whether the Board's decision was supported by some evidence in the record, the court looks to the statutes and regulations governing parole suitability determinations in the relevant state. *Hayward v. Marshall*, 512 F.3d 536, 542 (9th Cir. 2008). The findings that are necessary to deem a prisoner unsuitable for parole are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably en-danger public safety. *Hayward*, 512 F.3d at 543. There is some evidence in the record to support the Board's determination that Davis's release would unreasonably endanger public safety.

First, the Board based its decision on Davis's misconduct while incarcerated along with his psychological report, pursuant to 15 Cal. Code of Regs. § 2402(c). Davis received thirteen citations for misbehaving, as well as four disciplinary reports, while incarcerated. Davis's psychological report although not bad, was not totally supportive of release and indicated a longer period of observation and evaluation. In *Biggs v. Terhune*, 334 F.3d 910, 916 (9th Cir. 2003), the court emphasized that Biggs's prison records and psychological reports were evidence in determining whether Biggs was suitable for parole. *Biggs*, 334 F.3d at 916. Thus, it was

reasonable for the Board to look at Davis's bad behavior while incarcerated and Davis's unfavorable psychological report as evidence of Davis's unreasonable risk of danger to society.

Second, the Board based its decision on the gravity of Davis's commitment offense, pursuant to 15 Cal. Code of Regs. § 2402(c). Davis pulled out a handgun and shot Stroud once in the face, killing Stroud instantly. The Board determined that Davis's release would unreasonably endanger public safety because the commitment offense was carried out in an especially callous and dispassionate manner. In *Biggs*, the court determined that a parole board's sole supportable reliance on the gravity of the offense, can be initially justified as fulfilling the requirements set forth by state law. *Biggs*, 334 F.3d at 916. In *Sass*, the court ruled that the convicted offense, constituted some evidence in support of the Board's decision. *Sass*, 461 F.3d at 1129. Both courts ruled that murder convictions constituted some evidence in support of the parole board's denial of parole.

Davis contends that to rely on his commitment offense is a violation of his due process rights. In *Hayward*, the court ruled that the continued reliance on Hayward's commitment offense was a violation of his due process rights. *Hayward*, 512 F.3d at 546. However, the Board's decision is one of "equity" and requires a careful balancing and assessment of the factors considered. *Biggs*, 334 F.3d at 916. The concern in *Hayward*, as to when continued reliance on the commitment offense becomes a violation of due process, is not present in this case.

In *Hayward*, the court ruled that it would be unreasonable to rely on Hayward's commitment offense because it happened thirty years ago and Hayward had an exemplary record while incarcerated. *Hayward*, 512 F.3d at 546. In contrast, Davis's commitment offense did not happen that long ago and Davis did not have an exemplary record while incarcerated. Furthermore, Hayward's commitment offense

involved unusual circumstances. In *Hayward*, the victim battered and attempted to rape Hayward's future wife, and Hayward attacked the victim in retaliation for that incident, after being provoked by the victim throwing a bottle at him. *Hayward*, 512 F.3d at 547. In contrast, there were no facts to demonstrate that Davis was provoked, or had any reason to shoot and kill Stroud. Thus, Davis's commitment offense constituted some evidence in support of the Board's decision.

The factors evaluated by the Board constituted some evidence in support of its decision. Consequently, the state court decision upholding the denial was neither contrary to, nor involved the unreasonable application of clearly established federal law.

It is Ordered that the petition for *habeas corpus* be, and hereby is, Denied.

Date:   October 20, 2009

_____
Terry J. Hatter, Jr.
Senior United States District Judge